IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No.: 1:11CR370 |
| | ) | |
| JUAN FRANCISCO FLORES, | ) | Hon. Claude M. Hilton |
| | ) | |
| Defendant. | ) | Hearing date: October 7, 2011 |
| | ) | |

**DEFENDANT'S MOTION TO SUPPRESS**

The defendant, through his attorney, Nader Hasan, Pursuant to Rule 41 and Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure, moves this Honorable Court to suppress the seizure of the defendant, any statements made by the defendant, and any further evidence retrieved in violation of the Fourth Amendment of the United States Constitution.

In support of this motion, the defendant states the following:

1. The defendant parked at a McDonald's restaurant in Centerville, VA, somewhere between 9am and 10am on July 5, 2011.

2. The defendant and his passenger exited the vehicle.

3. The passenger returned to the vehicle and the defendant entered the restaurant.

4. The officer's suspicion was aroused because the passenger returned to the vehicle.

5. The officer approached the defendant inside the McDonald's and began to speak to him about the passenger.

6. The officer then went to defendant's car and knocked on the passenger side window to speak to the passenger.

7. The Officer ordered the passenger to exit the vehicle.

8. The Officer interrogated the passenger.

9. The Officer ordered the remaining occupants of the vehicle to exit with their hands on their heads.

10. The defendant was detained approximately 40 feet away from the vehicle.

11. The vehicle was searched and a ledger was retrieved.

12. The defendant was subsequently arrested by United States Immigration and Customs Enforcement agents.

**MEMORANDUM IN SUPPORT**

I. **THE OFFICER DID NOT HAVE REASONABLE ARTICULABLE SUSPICION THAT CRIMINAL ACTIVITY WAS AFOOT WHEN HE DETAINED THE PASSENGER AND IN TURN DETAINED THE DEFENDANT**.

Every investigatory detention is required to have reasonable articulable suspicion in order to comport with the Fourth Amendment. *United States v. Massenburg*, 2011 U.S. App. LEXIS 16849, at 10. This standard requires that an officer have a reasonable and articulable suspicion that the person seized is engaged in criminal activity. This suspicion must be more than an inchoate hunch. An officer may, "seize a person if the officer can articulate reasonable suspicion that the person has just committed or is about to commit a crime…" *United States v. Diggs*, 267 Fed. App. 225, 226 (2008). *And see United States v. Foster*, 634 F3d 243 (2011).

In the case before the Court, the defendant was immediately seized when he returned to the vehicle. This seizure was without reasonable articulable suspicion, as the officer did not have anything more than a hunch that the defendant and the passenger were involved in some illegal activity. Furthermore, the subsequent search of the vehicle was unlawful and a violation of the Fourth Amendment, because the officers lacked probable cause to search the vehicle.

2

Under the Fourth Amendment, an officer must be able to, "[p]oint to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion…" *United States v. Foster,* 634 F.3d 243, 246 (2011).  Additionally, in reviewing the facts under a totality of the circumstances standard, the government must show that the officer had specific facts and,

> "must also be able to articulate why a particular behavior is suspicious or logically demonstrate, given the surrounding circumstances, that the behavior is likely to be indicative of some more sinister activity than may appear at first glance." *Foster* at 248.

In the case before the court, there is no particular behavior, that even when viewed in the totality circumstances would logically be "indicative of more sinister activity".  Id.  After the defendant, exited the McDonalds, he was immediately detained by officers without reasonable articulable suspicion.

Wherefore, the defendant requests that this Court grant his Motion to Suppress the search and seizure of the defendant in this case and further order that such improperly obtained evidence not to be used for any investigative purpose, including obtaining derivative evidence.

Respectfully Submitted,

By: _____/s/_____
Nader Hasan
Law Offices of Nader Hasan, P.C.
Attorney for the Defendant
10603 Judicial Drive
Fairfax, Virginia, 22030
(703) 865-5590 (Phone)
(703) 865-5597 (Fax)
Nhasan@naderhasan.com

I hereby certify that on the 1st day of September, 2011, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification to:

Jessica R. Malloy
Jessica.R.Malloy@usdoj.gov

Assistant United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314

By: _____/s/_____
Nader Hasan
Law Offices of Nader Hasan, P.C.
Attorney for the Defendant
10603 Judicial Drive
Fairfax, Virginia, 22030
(703) 865-5590 (Phone)
(703) 865-5597 (Fax)
Nhasan@naderhasan.com